SPRING 1812. is entitled to all the rights and priviledges of a ci-
I. District. tizen of the United States.

DESBOIS'S
CASE.          *Duncan*, *Brackenridge*, and *Gales*, for the mo-
tion.

*Robertson*, *Dick*, and *Wilson*, contra.

## SAUVE vs. DAWSON.

Note to be        *Smith*, for the plaintiff, offered to prove a pro-
proved by the missory note of the defendant, by the introduction
report of ex-
ports.        of a witness ready to testify to his acquaintance
Appeal bond  with his hand-writing, and to his belief that the
a good piece
of compari- signature at the bottom of the note, was in his
son.         hand-writing.

*Hennen*, for the defendant. This mode of proof
is not to be resorted to.   The note is denied, and
the *Civil Code (p.* 306, *art.* 226*)* provides that
" in case the party disavows his signature, proof
" of it may be given under oath or affirmation,
" by at least one credible witness, declaring posi-
" tively that he knows the signature, as having
" seen the obligation signed by the person from
" payment is demanded, and if there be no such
" deposition, the signature of the person must be
" ascertained by two persons having skill to judge
" of hand-writing, appointed by the judge before

SPRING 1812.
I. District.

SAUVE
vs.
DAWSON.

" whom the cause is pending, which two persons
" shall report on oath, whether the signature ap-
" pears to them to be that of the person, whose it
" is alledged to be, on their having compared it
" with papers acknowledged to have been signed
" by him."

*Smith*, contra. This is a commercial instru-
ment, the proof of which is not to be regulated by
the general law. Papers of this kind are very sel-
dom attested by a subscribing witness. The pro-
visions of the *Civil Code* do not controul the esta-
blished law and usages of commerce, *p.* 470, *art.*
74, and this is the best evidence the nature of the
case admits.

*By the Court.* The part of the *Civil Code*
invoked by the plaintiff's counsel, is expressly
confined to *claims on the thing sold.* The evi-
dence which we must require, is that which the
legislature has pointed out, even when in our opi-
nion, it appears weaker than that which is offered.

WITNESS REJECTED.

*Smith* then offered the appeal bond, executed
by the defendant, as a piece of comparison.

*Hennen*, contra. It has a subscribing witness,
and before it be used, that witness must be bro't
to prove it.

SPRING 1812.
I. District.

SAUVE
vs.
DAWSON.

*By the Court.* The bond having been filed in the office by the appellant, has become a matter of record, and cannot be denied.

THE note was accordingly proven by a comparison with the signature at the bottom of the appeal bond.

---

### PHILIBERT vs. WOOD.

Depositions must be returned by the persons receiving them —even when taken by consent.

*Smith*, for the plaintiff, offered a deposition taken by consent of the defendant's counsel. It was on a loose sheet of paper, and had remained since the taking, in the possession of *Smith*.

*Hennen*, for the defendant. It cannot be read. The act of 1805, ch. 26, sect. 19, requires that the person taking the deposition of a witness, " shall enclose the same, under his seal, and direct " it to the clerk of the Superior Court." It is his duty to prevent any change or alteration from being made, by enclosing it under his seal, and he should transmit it to the clerk—not deliver it, for keeping, to either of the parties, who may, if the testimony does not suit him, suppress it. The deposition, when taken, belongs to both the parties—neither of them ought to be allowed the facility of depriving the other of it.

*Smith*, in reply. This act relates only to d———